UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN W. MUNDO,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR CARMONA, et al.,<br><br>Defendants. | **Case No. 1:16-cv-01687-AWI-MJS (PC)**<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME**<br><br>**(ECF No. 38)**<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 25)**<br><br>**FOURTEEN DAY OBJECTIONS DEADLINE** |

Plaintiff, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 7, 2016. (ECF No. 1.) This case proceeds on Plaintiff's first amended complaint against Defendants Alba, Archuleta, Bonffil, and Carmona. (ECF No. 16.)

On August 14, 2017, Defendants filed a motion for summary judgment asserting that (1) Plaintiff failed to exhaust administrative remedies for his Section 1983 claims; (2) Plaintiff's excessive force claims are barred by the "favorable termination" rule; and (3) Plaintiff failed to comply with the Government Claims Act for his state law claims. (ECF

No. 25.) After filing a motion for extension of time (ECF No. 38), Plaintiff on October 5, 2017, filed an opposition to the motion for summary judgment (ECF No. 40). Defendants filed a timely reply (ECF No. 41), and then on October 20, 2017, Plaintiff filed unauthorized "objections" to the reply. (ECF No. 42.)

For the reasons outlined below, the Court recommends that the motion for summary judgment be granted in part and denied in part.

## I. Motion for Extension of Time

On September 25, 2017, Plaintiff filed a motion for extension of time to file an opposition to the motion for summary judgment, asserting that he needed more time to collect evidence. (ECF No. 38.) Defendants did not respond to that motion, and, on October 5, 2017, Plaintiff filed his opposition to summary judgment. (ECF No. 40.) In light of Defendants' non-opposition to the motion, as well as Plaintiff's pro se status, the Court finds good cause for the extension of time. Plaintiff's motion (ECF No. 38) is GRANTED and his opposition is deemed timely.

## II. Plaintiff's Claims and Allegations

Plaintiff is currently incarcerated at the Lovelock Correctional Center in Lovelock, Nevada, but his claims stem from events that occurred at the California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff proceeds on (1) an Eighth Amendment excessive force claim against Defendants Carmona and Alba; (2) a First Amendment retaliation claim against Defendants Carmona, Bonffil, and Archuleta; (3) a claim under the Bane Act[1] against Defendants Bonffil and Archuleta; and (4) a state law claim for assault and battery against Defendants Carmona and Alba.

Plaintiff's allegations in the first amended complaint are summarized as follows:

On August 24, 2016, while Plaintiff was coming in from the yard, he told Defendant Carmona about safety concerns with his cellmate who he accused of raping him.

---

[1] The Bane Act "provides that a person may bring a cause of action 'in his or her own name and on his or her own behalf' against anyone who 'interferes by threats, intimidation or coercion,' with the exercise or enjoyment of any constitutional or statutory right." Bay Area Rapid Transit Dist. v. Super. Ct., 38 Cal.App.4th 141, 144 (1995) (quoting Cal. Civ. Code, § 52.1); Venagas v. County of Los Angeles, 32 Cal. 4th 820, 841 (2004).

2

Defendant Carmona replied, "Well, you better learn how to fuck or fight . . . you deserve it for writing me up." Defendant Alba conducted a "random" clothed body search. Defendant Carmona shook Plaintiff from side to side, then slammed Plaintiff into the hard-packed, rock covered ground, purely out of ill will. In an attempt to cover up this use of force, Defendant Carmona yelled "stop resisting!" even though Plaintiff remained still and compliant the entire time.

Defendant Alba placed handcuffs on Plaintiff. After he handcuffed Plaintiff, he pulled Plaintiff up by the handcuff chain and laughed as he dropped Plaintiff down to the floor multiple times. Defendant Carmona knelt with his knee on Plaintiff's neck and held his baton over Plaintiff's head, threatening to "bash Plaintiff's skull in if [he] moved." Defendant Alba tightened the cuffs and laughed about how Defendant Carmona said "make the cuffs cut his wrists."

Plaintiff was taken to the unit office and placed in a cage. Defendant Bonffil arrived and asked Plaintiff if he wanted to file a staff complaint. When Plaintiff said yes, Defendant Archuleta arrived and said, "I'll let you make your statement on video, then I'll let my officers put hands on you," meaning assault Plaintiff. Defendant Bonffil said, "We'll beat your ass so bad you won't remember what happened." Defendant Archuleta then asked, "Do you still want to do the complaint?" Plaintiff said he did not.

Plaintiff was taken to the Outpatient Housing Unit ("OHU") and on August 26, 2016 was transferred to the California Health Care Facility in Stockton, California. There, he met with psychologist Dr. Pease whom he told he had been issued a false Rules Violation Report ("RVR").

On September 8, 2016, Plaintiff attended a hearing on the RVR. Plaintiff pled guilty to the charge since he was told he would receive a 10 week term rather than 90 days. On September 12, 2016, Plaintiff was transferred to Salinas Valley State Prison's ("SVSP") Enhanced Outpatient Program.

### III. Procedural Background

The parties contest not only the issue of if and when Plaintiff filed staff complaints

3

concerning these matters, but also what was in those complaints he did file. Accordingly, the Court presents Defendants' record of complaints, followed by Plaintiff's claims concerning his complaints. Separately, the Court provides the history of Plaintiff's attempts to satisfy the California Government Claims Act.

**A.    Defendants' Record of Staff Complaints**

According to Defendants:

Plaintiff filed a staff complaint at SVSP on September 26, 2016; it was logged as SVSP-L-16-05699 (hereinafter, "5699"). (ECF No. 25-6 at 3.) SVSP forwarded complaint 5699 to CCI on September 27, 2016. (Id.) SVSP notified Plaintiff that complaint 5699 had been forwarded to CCI. (ECF Nos. 16 at 44; 25-4 at 21.) Complaint 5699 was directed at "K. Cribbs" at Corcoran State Prison and complained that Cribbs had failed to respond to a staff complaint Plaintiff had filed earlier at Corcoran on an event unrelated to the events at issue here. (ECF No. 25-4 at 4.)

When complaint 5699 relating to Cribbs was received at CCI, it was logged in there as CCI-0-16-01673 (hereinafter, "1673"). (ECF No. 25-4 at 4.) Because this complaint -- 5699, now logged as 1673 -- concerned Cribbs who was on staff at Corcoran State Prison, it was screened out and forwarded to Corcoran. (ECF No. 25-5 at 3.) Plaintiff was so advised on October 10, 2016. (Id. at 23; see also Plaintiff's filing at ECF No. 16 at 49.)

**B.    Plaintiff's Allegations Concerning Staff Complaints**

Plaintiff claims Defendants Archuleta and Bonffil discouraged him from filing a complaint against Carmona and Alba for their August 24, 2016 use of force. (ECF No. 40 at 10.)

However, Plaintiff also claims that he did file such a claim about the August 24, 2016 actions of Carmona and Alba at CCI after he reached SVSP. (ECF No. 16 at 18, 36-38.) Plaintiff submits a copy of the said complaint and includes a page he avers was signed by a correctional officer "Mirabel" at SVSP to acknowledge receipt of the complaint. (ECF No. 16 at 36-38.) The complaint says nothing about threats by Archuleta

4

1 | or Bonffil. (Id. at 36-38) It is unnumbered. Plaintiff never received a response to it.

    **C.    Government Claims Act**

    On September 26, 2016, Plaintiff filed a California Government Claims Act complaint relating to August 22 and 24 incidents at Corcoran and CCI involving Carmona, Archuleta, Bonffil, and Alba, and K. Cribbs. (ECF No. 25-4 at 33.) There he says that after noting his fear of a specific inmate, he was housed with that inmate at CCI, raped and his possessions were stolen. (Id.) The claim asserts failure to protect, retaliation, negligence, and Bane Act violations against the four defendants and K. Cribbs. (Id.) It does not mention an assault by Carmona or Alba or threats by Archuleta and Bonffil. (Id.) It claims retaliation by Carmona. (Id.)

    The Government Claims Program ("GCP") staff investigated this claim, but, because of its complexity, elected to not address the merits but instead defer to the Courts. On July 13, 2017 Plaintiff was so advised. (ECF No. 25-4 at 41.)

    **D.    Complaint in this Action**

    Plaintiff filed his original complaint in federal court on November 7, 2016. (ECF No. 1.)

**IV.    Summary Judgment Legal Standard**

    Any party may move for summary judgment, and "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed R. Civ. P. 56(c)(1).

    "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other

than for the moving party." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). If the burden of proof at trial rests with the nonmoving party, then the moving party need only point to "an absence of evidence to support the nonmoving party's case." Id. Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).

In evaluating the evidence, "the [C]ourt does not make credibility determinations or weigh conflicting evidence," and "it draws all inferences in the light most favorable to the nonmoving party." Id.

## V. Exhaustion of Administrative Remedies

### A. Legal Standard

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007).

"The primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." Id. Instead, the grievance must alert "'the prison to the nature of the wrong for which redress is sought,'" id. at 1120 (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)), and must give the prison an opportunity "to reach the merits of the issue." Id. at 1119.

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

Defendants have the burden of proving Plaintiff failed to exhaust available administrative remedies. Id. A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The "defendant need only show the existence of . . . [a grievance procedure] that the plaintiff did not use." Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778, n.5 (9th Cir. 1996)).

However, prison officials may not render the appeals process unavailable through misconduct and then take advantage of the prisoner's failure to complete the process. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010) (improper screening and/or processing of an inmate's administrative grievance "renders administrative remedies 'effectively unavailable'") (internal citations omitted). "[A]ffirmative actions by jail staff preventing proper exhaustion, even if done innocently, make administrative remedies effectively unavailable." Albino v. Baca, 697 F.3d 1023, 1034 (9th Cir. 2012). See also Smith v. Davis, No. 1:07-cv-01632-AWI-GSA, 2008 WL 4532477 (E.D. Cal. Oct. 8, 2008) ("Plaintiff's allegation that he did not file an appeal because Defendant Davis threatened to kill him if he spoke out is sufficient, at the pleading stage, to avoid dismissal for failure to exhaust").

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the district court should decide "disputed factual questions relevant to exhaustion . . . in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." Id. at 1170-71.

**B.     Discussion**

In the first amended complaint, Plaintiff seemingly acknowledges not exhausting administrative remedies, claiming that "the grievance process was thwarted due to prison officials threatening me[.]". (ECF No. 16 at 3.) However, in that same section he asserts that he filed a staff complaint and its process was completed. (Id.) As noted, documents

attached to the first amended complaint include an unnumbered staff complaint that Plaintiff says he filed at SVSP on September 26, 2016. (Id. at 36-38.)

Again, in response to this motion, Plaintiff claims: (1) Defendants Archuleta's and Bonffil's threats of physical violence prevented him from filing the complaint; and (2) he did file a staff complaint concerning Carmona and Alba and the August 24, 2016 incident but never received a response. (ECF No. 40 at 2, 3.)

The evidence before the Court conflicts on whether, as he claims, Plaintiff was threatened with reprisal if he filed a staff complaint and therefor did not file one. The evidence also conflicts on whether Plaintiff actually did ultimately file a staff complaint concerning the August 24, 2016 incident. Defendants deny Plaintiff was threatened with violence and thereby discouraged from filing a claim. They also deny that he ever filed a staff complaint concerning the incident with Carmona and Alba or threats of retaliation by Archuleta and Bonffil. (ECF No. 25.) Defendants present evidence that the only staff complaint filed by Plaintiff between the August 24, 2016 date of the incidents at issue and the date this lawsuit was filed concerned K. Cribbs at Corcoran, and did not raise any claims against Defendants Carmona, Alba, Archuleta, and Bonfill. (ECF Nos. 25-4 at 4; 25-6 at 3.) Plaintiff has produced a copy of a document which, if authentic in the way claimed, offers some refutation of Defendant's evidence.

These factual disputes cannot be resolved on summary judgment. Accordingly, summary judgment should be denied on the question of exhaustion. See Albino, 747 F.3d at 1170-71. These issues are such that a hearing should be held to give the trier of fact an opportunity to evaluate the credibility of the competing claims. The undersigned will recommend that such a hearing be scheduled.

**VI.     Favorable Termination Rule**

Defendants Carmona and Alba also argue that Plaintiff's excessive force and assault and battery claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994). (ECF No. 25-2 at 18-21.)

////

## A. Legal Standard

In Heck, the United States Supreme Court held that under circumstances such as those presented here, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. In short, "Heck says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence[.]" Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Smithart, 79 F.3d at 951).

However, "a conviction [for resisting, delaying or obstructing a police officer] does not bar a § 1983 claim for excessive force under Heck when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction.'" Hooper v. County of San Diego, 629 F.3d 1127, 1134 (9th Cir. 2011). Where a plaintiff alleges excessive force (or assault and battery) in relation to an incident where he was convicted of resisting, Heck would bar a "§ 1983 claim to the extent that it alleges that [the plaintiff] offered no resistance, that he posed no reasonable threat of obstruction to the officers, and that the officers had no justification to employ any force against him at the time [force was applied]." Id. at 1132 (internal citations omitted). In City of Hemet, an arrestee's conviction upon his guilty plea to resisting, delaying or obstructing a peace officer did not preclude his Section 1983 action, because genuine issues of material fact as to whether force used in arrest was reasonable precluded summary judgment. 394 F.3d 689.

The Heck bar applies whenever state prisoners "seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the

State's custody." Wilkinson, 544 U.S. at 81. Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-2.

**B.     Discussion**

Plaintiff was convicted on an RVR for resisting Carmona's search of Plaintiff's person and, as a result, Carmona had to force Plaintiff to the ground to gain control of him. (ECF No. 25-4 at 72.) According to Carmona, Plaintiff then became compliant, and Defendant Alba assisted in handcuffing him. (Id.) Plaintiff responded to this alleged violation by pleading guilty to willfully resisting a peace officer in the performance of this duty. (Id. at 75-83.)

Plaintiff now alleges: Carmona unnecessarily threw him to the ground; Alba handcuffed him and repeatedly lifted him and dropped him by the handcuffs; Carmona kneeled on Plaintiff's neck and pressed his baton on Plaintiff's head, while telling Defendant Alba to "make the cuffs cut [Plaintiff's] wrists;" And Defendant Alba did so. (ECF No. 16.)

Plaintiff alleges that he at no point offered any resistance and that Carmona's actions were wholly unjustified and motivated solely by ill will toward Plaintiff. (Id.) And yet, when charged in the RVR with resisting being searched and being forced to the ground by Carmona to gain control over him, Plaintiff pled guilty. The Court will not evaluate the motive for the guilty plea. It is a fact. The plea establishes that Plaintiff was acting in such a way as to warrant and justify Carmona's action in placing him on the ground and gaining control over him. It belies any alleged improper motive for Carmona's said acts. Plaintiff cannot now proceed on a contrary claim. It is Heck barred. See Hooper, 629 F.3d 1134.

"If the court does not grant all the relief requested by the motion [for summary judgment], it may enter an order stating any material fact . . . is not genuinely in dispute

and treating the fact as established in the case." Fed. R. Civ. P. 56(g). Given Plaintiffs said guilty plea, it is established that Defendant Carmona took a resistant Plaintiff to the ground to counter that resistance and gain control. At trial, Plaintiff may not assert that (1) he did not resist Defendant Carmona before being brought to the ground, or that (2) Defendant Carmona was motivated by ill will in taking Plaintiff to the ground, or seek recovery for such acts.

However, there is evidence, i.e., Plaintiff's sworn claim, that Defendants continued to use excessive force intentionally to harm Plaintiff even after, according to the RVR, Plaintiff had stopped resisting, i.e., once he was placed on the ground by Carmona. (ECF No. 25-4 at 72.) That is to say, the resistance for which Plaintiff pleaded guilty had ended and yet, according to Plaintiff, the brutality continued. Nothing in Plaintiff's plea of guilty to resisting being placed on the ground in order to gain control is inconsistent with a claim of the use of unnecessary and unlawful force thereafter. That claim, though clearly disputed, cannot be disposed of on summary judgment. The Court will recommend that it proceed.

Accordingly, Defendants' motion for summary judgment based upon the Heck bar should be granted in part and denied in part.

**VII.    Government Claims Act**

   **A.    Legal Standard**

California's Government Claims Act requires that a tort claim against a public entity or its employees for money or damages be presented to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board") no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. "Timely claim presentation is not merely a procedural requirement, but is ... a condition precedent to plaintiff's maintaining an action against defendant and thus an element of the plaintiff's cause of action." Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 209 (2007) (citations omitted); DiCampli–Mintz v. Cnty. of Santa Clara, 55 Cal.4th 983, 990 (2012); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111

(9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Suit must then be commenced not later than six months after the date the written notice was deposited in the mail, Cal. Gov't Code § 945.6(a)(1) (quotation marks omitted); Clarke v. Upton, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010); Baines Pickwick Ltd. v. City of Los Angeles, 72 Cal.App.4th 298, 303 (Cal. Ct. App. 1999), and "[t]he deadline ... is a true statute of limitations defining the time in which, after a claim presented to the government has been rejected or deemed rejected, the plaintiff must file a complaint alleging a cause of action based on the facts set out in the denied claim," Shirk, 42 Cal.4th at 209 (citations omitted).

### B. Discussion

#### 1. VCGCB Claim 16008865

Plaintiff filed VCGCB Claim 16008865 on September 26, 2016 (hereinafter, "the Government Claim"). (ECF No. 25-4 at 33-34.) It complains of the August 22 and 24, 2016 incidents and is directed against K. Cribbs, as well as Defendants Carmona, Alba, Archuleta, and Bonffil. (Id. at 33.) As to injuries and damages, Plaintiff stated: "I was extorted for my property & raped." (Id. at 34.) He describes the surrounding circumstances: "I wrote an inmate 602 describing my safety concerns about a specific inmate and staff disregarded my allegations and sent me to CCI and I was put in the cell with that same inmate; Carmona retaliated against me." (Id.) In describing why he believed the state was responsible, Plaintiff stated: "Failure to protect me from harm; retaliation; negligence; Bane Act § 521." (Id.)

#### 2. State Law Claims

Plaintiff is proceeding with two state law claims: assault and battery against Carmona and Alba and a Bane Act claim against Archuleta and Bonffil. (See ECF Nos. 17; 19; 20.)

#### 3. Carmona and Alba

Plaintiff's claim for assault and battery against Carmona and Alba alleges their use of excessive force during the August 24, 2016, search. (ECF No. 16.) Defendants argue

1 that Plaintiff's failure to describe the incident in detail and failure to even allege an assault
2 and battery leaves the claim deficient under the Government Claims Act. (ECF No. 25-2
3 at 24.) Plaintiff concedes the failure to mention assault and battery and to specify the
4 actions of Carmona and Alba, but contends that his assault and battery allegations are
5 subsumed in the retaliation claim. (ECF No. 40 at 8.)

6       State law "requires that the claim state the 'date, place, and other circumstances
7 of the occurrence or transaction which gave rise to the claim asserted,' " and provide " '[a]
8 general description of the . . . injury, damage or loss incurred so far as it may be known at
9 the time of presentation of the claim.'" Stockett v. Ass'n of California Water Agencies
10 Joint Powers Ins. Auth., 34 Cal.4th 441, 445–47 (2004) (quoting Cal. Gov't Code 910).
11 The purpose of the statutes is "to provide the public entity sufficient information to enable
12 it to adequately investigate claims and to settle them, if appropriate, without the expense
13 of litigation." Stockett, 34 Cal.4th at 446 (citations omitted). "Consequently, a claim need
14 not contain the detail and specificity required of a pleading, but need only fairly describe
15 what [the] entity is alleged to have done." Id. (citations omitted). "As the purpose of the
16 claim is to give the government entity notice sufficient for it to investigate and evaluate
17 the claim, not to eliminate meritorious actions, the claims statute should not be applied to
18 snare the unwary where its purpose has been satisfied." Id. (internal quotation marks and
19 citations omitted).

20       The only facts in the Government Claim are: Plaintiff filed a complaint registering
21 concerns with another inmate; he was then housed with that inmate; he subsequently
22 was raped and had property extorted; and Carmona retaliated against him. (ECF No. 25-
23 4 at 33-34.) Plaintiff makes no mention of an assault and battery by Carmona or of any
24 action whatsoever by Alba.

25       The generalized claim of "retaliation" did not, as Plaintiff suggests, give notice of
26 the physical acts for which Plaintiff now seeks recovery. See Stockett, 34 Cal.4th at 449.
27 At best, the word appears to relate to Defendant Carmona placing Plaintiff with the
28 inmate who subsequently raped him. (See ECF No. 25-4 at 34.) The allegations in the

13

Government Claim did not put the government on "notice sufficient for it to investigate and evaluate the claim" that Plaintiff was assaulted by Defendants Carmona and Alba.

The state law claim for assault and battery should be dismissed because Plaintiff failed to satisfy the claim presentation requirements.

### 4. Defendants Archuleta and Bonffil

Plaintiff's Bane Act claim concerns Archuleta and Bonffil threatening him with violence if he tried to file a staff complaint against Carmona and Alba. (ECF No. 16.) The Government Claim allegation sufficiently put the government on notice of the claim against Archuleta and Bonffil.

The Bane Act concerns itself with particularized conduct, namely that of interference "by threats, intimidation or coercion,' with the exercise or enjoyment of any constitutional or statutory right." Bay Area Rapid Transit Dist., 38 Cal.App.4th at 144 (1995) (quoting Cal. Civ. Code, § 52.1); Venagas, 32 Cal. 4th at 841. In this instance, Plaintiff identified Archuleta and Bonffil in the Government Claim and asserted a Bane Act violation against them. (ECF No. 25-4 at 33-34.) The government was sufficiently put on notice to investigate and address the claims before litigation began. Stockett, 34 Cal.4th at 446.

Accordingly, Defendants' motion for summary judgment on the Bane Act claims against Archuleta and Bonffil should be denied.

## VIII. Conclusions and Recommendations

First, IT IS HEREBY ORDERED that Plaintiff's motion for extension of time (ECF No. 38) is GRANTED and his opposition to the motion for summary judgment (ECF No. 40) is deemed timely.

For the reasons discussed above, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment (ECF No. 25) be GRANTED IN PART AND DENIED IN PART, as set forth below:

(1) Defendants' motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies be DENIED;

2. Defendants' motion for summary judgment on the ground of the <u>Heck</u> bar be GRANTED IN PART AND DENIED IN PART as follows;

    (a) Pursuant to <u>Heck</u> and Federal Rule of Civil Procedure 56(g), the Court should enter an Order establishing the following as undisputed facts: (1) Plaintiff resisted Defendant Carmona when Carmona undertook his search of Plaintiff, and (2) Plaintiff's resistance forced Defendant Carmona to bring Plaintiff to the ground to gain control over him;

    (b) Defendants' motion for summary judgment on Plaintiff's claim that Defendants Carmona and Alba continued to use excessive force intentionally to harm Plaintiff even after Plaintiff had been placed on the ground by Carmona and was no longer resisting should be DENIED;

    (3) Defendants Archeleta's and Bonfill's motion for summary judgment on the ground that Plaintiff failed to comply with Government Claims Act requirements as to them be DENIED;

    (4) Defendants Carmona's and Alba's motion for summary judgment on the ground that Plaintiff failed to comply with Government Claims Act requirements as to them be GRANTED; and,

    (5) An evidentiary hearing be held to address: (1) Whether Defendants Archuleta and Bonffil threatened Plaintiff with violence on August 24, 2016 to dissuade him from filing a staff complaint against Defendants Carmona and Alba; and (2) Whether Plaintiff, on September 26, 2016, filed a staff complaint at SVSP concerning the allegations of excessive force by Defendants Carmona and Alba on August 24, 2016.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the

waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (*citing* Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: January 25, 2018  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE