| | |
|---|---|
| JONATHAN W. MUNDO,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR CARMONA, et al.,<br><br>Defendants. | **Case No. 1:16-cv-01687-AWI-MJS (PC)**<br><br>**ORDER GRANTING MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>**(ECF No. 45)** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 7, 2016. (ECF No. 1.) The case proceeds on Plaintiff's first amended complaint against Defendants Alba, Archuleta, Bonffil, and Carmona. (ECF No. 16.)

On February 9, 2018, Plaintiff filed a motion to compel production of documents by Defendant Carmona. (ECF No. 45.) Defendant Carmona opposes the motion. (ECF No. 50.) Plaintiff did not file a reply memorandum and the time to do so has expired. Pursuant to Local Rule 230, the motion is deemed submitted. For the reasons outlined below, the motion is granted.

## I. Background

Plaintiff served his request for documents to all Defendants, including Defendant Carmona. Among them were request for production number six ("RFP 6") (seeking documents concerning staff complaints against Defendant Carmona) and request for production number seven ("RFP 7") (seeking documents concerning internal affairs investigations against Defendant Carmona for violating the rights of inmates). Defendant Carmona objected to both requests on various grounds, but then answered that he had no responsive documents in his possession, custody, or control.

Plaintiff moves to compel Defendant Carmona to respond more fully to RFP 6 and RFP 7 claiming that, as an employee of the California Department of Corrections and Rehabilitation ("CDCR"), Defendant Carmona can request the records from his employer. (ECF No. 45.) Defendant Carmona stands on his objection that he does not have the documents in his possession, custody, or control and has no obligation under Federal Rule of Civil Procedure 34 to request them from CDCR. (ECF No. 50.)

## II. Legal Standard

A party is deemed to have control over documents if he or she has a legal right to obtain them. See Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev. 1998); see also 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.14[2][b], at 34–73 to 34–75 (footnote omitted) ("The term 'control' is broadly construed."). A party responding to a document request "'can[] furnish [not] only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control.'" Meeks v. Parsons, No. 1:03–cv–6700–LJO–GSA, 2009 WL 3003718, *4, (E.D. Cal. Sept. 18, 2009) (citation omitted).

Courts have assumed that a party has control of documents in the possession of another and ordered the party to produce relevant documents. See Zackery v. Stockton Police Dep't, No. CIV S–05–2315 MCE DAD P, 2007 WL 1655634, *3–4, (E.D. Cal. June 7, 2007) ("directing" counsel for defendants to obtain and produce records in the

1 possession of their current employer, the Stockton Police Department); cf Bryant v. Armstrong, 285 F.R.D. 596, 607 (S.D. Cal. 2012) (while a defendant may be directed to obtain and produce documents from a current employer, the defendant may not be directed to obtain and produce such documents from a former employer).

### III. Discussion

Defendant Carmona's objection to production on the ground that he lacks possession, custody or control of the documents is overruled.

The specific facts of this action render such an objection unfounded. By virtue of his employment with non-party CDCR, Defendant Carmona is represented by the Attorney General's Office. It is this Court's experience that individual defendants who are employed by CDCR and/or the Attorney General can generally obtain documents, such as the ones at issue here, from CDCR by requesting them. Defendant Carmona has constructive control over the requested documents, and the documents must be produced. See, e.g., Pulliam v. Lozano, No. 1:07–cv–964–LJO–MJS, 2011 WL 335866 (E.D. Cal. Jan. 31, 2011); Mitchell v. Adams, No. CIV S-06-2321 GEB GGH, 2009 WL 674348, *9 (E.D. Cal. Mar. 6, 2009) (even though defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); see also Gray v. Faulkner, 148 F.R.D. 220, 223–24 (N.D. Ind. 1992) (requiring certification that responding parties "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced.").

Accordingly, Plaintiff's motion to compel will be granted. Defendant Carmona shall produce the requested documents within thirty days from the date of service of this Order.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion to compel (ECF No. 45) is GRANTED

1 | and Defendant Carmona shall produce the requested documents within thirty days from
2 | the date of service of this Order.

IT IS SO ORDERED.

Dated:   February 27, 2018          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE