UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN W. MUNDO,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR CARMONA, et al.,<br><br>Defendants. | **Case No. 1:16-cv-01687-AWI-MJS (PC)**<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 43)**<br><br>**ORDER DIRECTING MAGISTRATE JUDGE TO SCHEDULE EVIDENTIARY HEARING ON EXHAUSTION ISSUES** |

Plaintiff, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 7, 2016. (ECF No. 1.) This case proceeds on Plaintiff's first amended complaint against Defendants Alba, Archuleta, Bonffil, and Carmona. (ECF No. 16.)

On August 14, 2017, Defendants filed a motion for summary judgment asserting that (1) Plaintiff failed to exhaust administrative remedies for his Section 1983 claims; (2) Plaintiff's excessive force claims are barred by the "favorable termination" rule; and (3) Plaintiff failed to comply with the Government Claims Act for his state law claims. (ECF

No. 25.) After filing a motion for extension of time (ECF No. 38), Plaintiff on October 5, 2017, filed an opposition to the motion for summary judgment (ECF No. 40). Defendants filed a timely reply (ECF No. 41), and then on October 20, 2017, Plaintiff filed unauthorized "objections" to the reply. (ECF No. 42.) On January 26, 2018, the Magistrate Judge issued findings and recommendations to grant in part and deny in part the motion for summary judgment. (ECF No. 43.) The parties were given fourteen days to file objections. On February 9, 2018, Plaintiff file a motion for extension of time to file objections. (ECF No. 46.) The Magistrate Judge granted the motion (ECF No. 48) and Plaintiff filed objections (ECF No. 49) to the findings and recommendations on February 12, 2018.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a de novo review of the motion and the record. The Court finds the findings and recommendations to be supported by the record and by proper analysis. The objections are without merit.

For the sake of clarity, *Heck* does not preclude presentation of evidence; it does not preclude pleading of facts beyond those necessary to establish a claim; it does not preclude a plaintiff from "tell[ing] the jury the entire story—in other words, [Plaintiff] may present evidence and/or testimony that [the officer] initiated the physical confrontation…" without cause. *Simpson v. Thomas*, 528 F.3d 685, 696 (9th Cir. 2008). Although Plaintiff may tell his complete story, Plaintiff's claim may only succeed if the force used was beyond the force necessary to bring Plaintiff into compliance with the Defendant correctional officer's orders. *See Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) ("The 'core judicial inquiry' … [is] 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'") Plaintiff could not, for instance, prevail upon the theory that Defendants' force was excessive because they applied force without cause.

///

///

2

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for summary judgment (ECF No. 25) is GRANTED IN PART AND DENIED IN PART, as set forth below:

(1) Defendants' motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies is DENIED;

(2) Defendants' motion for summary judgment on the ground of the Heck bar is GRANTED IN PART AND DENIED IN PART as follows;

(a) Pursuant to Heck Plaintiff's claims are adjudicated in favor of Defendant insofar as they tend to suggest the invalidity of his disciplinary violation, i.e., insofar as they would suggest that: (1) Plaintiff did not resist Defendant Carmona when Carmona undertook his search of Plaintiff, or (2) Defendant Carmona was unjustified to bring Plaintiff to the ground to gain control over him;

(b) Defendants' motion for summary judgment on Plaintiff's claim that Defendants Carmona and Alba continued to use excessive force intentionally to harm Plaintiff even after Plaintiff had been placed on the ground by Carmona and was no longer resisting is DENIED;

(3) Defendants Archeleta's and Bonfill's motion for summary judgment on the ground that Plaintiff failed to comply with Government Claims Act requirements as to them is DENIED;

(4) Defendants Carmona's and Alba's motion for summary judgment on the ground that Plaintiff failed to comply with Government Claims Act requirements as to them is GRANTED; and,

///
///
///

3

(5) The Magistrate Judge shall schedule and hold an evidentiary hearing to address: (1) Whether Defendants Archuleta and Bonffil threatened Plaintiff with violence on August 24, 2016 to dissuade him from filing a staff complaint against Defendants Carmona and Alba; and (2) Whether Plaintiff, on September 26, 2016, filed a staff complaint at SVSP concerning the allegations of excessive force by Defendants Carmona and Alba on August 24, 2016.

IT IS SO ORDERED.

Dated: March 23, 2018

_____
SENIOR DISTRICT JUDGE